**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ELEAZER H. FULLER                    CASE NO.: 6:20-cv-1595-Orl-40EJK

     Plaintiff,                              JURY TRIAL REQUESTED

v.

SAUL CENTERS, INC., a Maryland
corporation,

     Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ELEAZER H. FULLER, by and through her undersigned counsel, sues the Defendant, SAUL CENTERS, INC., and states as follows:

### JURISDICTIONAL ALLEGATIONS

1.     Plaintiff, ELEAZER H. FULLER, is a citizen of the State of Florida and resident of Orange County, Florida, and is otherwise sui juris.

2.     Defendant SAUL CENTERS, INC. is incorporated in Maryland with a principle place of business in Bethesda, Maryland.

3.     The matter at controversy in this action exceeds the sum of $75,000.00, exclusive of interest and cost.

4.     Pursuant to 28 U.S.C. sec. 1332, this Court has original jurisdiction over the subject matter of this lawsuit.

5.     Defendant SAUL CENTERS, INC. is engaged in substantial and not isolated activity within the state of Florida.  Furthermore, Defendant operates, conducts, engages in, or carries on a business venture in this State and owns property within this State.

6.      Pursuant to Fla. Stat. sec. 48.193 and Fed. R. Civ. P. 4, this Court has in personam jurisdiction over Defendant.

7.      Pursuant to 28 U.S.C. sec. 1391, venue lies in the Middle District of Florida because a substantial amount of the events giving rise to this claim occurred within the District.

## GENERAL ALLEGATIONS

8.      Defendant is the general partner of a limited partnership, Saul Holdings, LP, which owns a shopping center known as Hunt Club Corners located at 534 S. Hunt Club Blvd, in Apopka, Florida.

9.      On November 9, 2016, Plaintiff was present at Hunt Club Corners as a business invitee.  While stepping from the sidewalk to the parking lot, Plaintiff tripped and fell.

10.     At all times material, Defendant owned, operated, maintained, repaired, and otherwise controlled the sidewalk and parking lot at Hunt Club Corners where Plaintiff tripped and fell.

## COUNT I - NEGLIGENCE

Plaintiff reiterates, realleges, and adopts the foregoing paragraphs 1 through 10 and further alleges:

11.     At all times material, Defendant owed a common law and/or statutory, non-delegable duty to the Plaintiff and all other invitees as follows:

A.      To exercise reasonable inspection on the maintenance of the said sidewalk and parking lot;

B.      Properly maintain the sidewalk and parking lot to keep it in a reasonably safe condition;

C.      Correct the dangerous condition about which they knew or should have known about; and

      D.      To warn of any dangerous conditions that may have existed on the said sidewalk and parking lot, such that Plaintiff might use this sidewalk and parking lot without subjecting herself to an unreasonable risk of danger.

12.    Defendant knew or should have known of the existence of the unreasonably dangerous and unsuitable conditions of the sidewalk, and parking lot including but not limited to, the existence of raised and uneven steps between the sidewalk and parking lot. Notwithstanding its actual or constructive knowledge, Defendant failed to:

      A.      Adequately inspect the subject sidewalk and parking lot;

      B.      Adequately maintain the subject sidewalk and parking lot;

      C.      Take reasonable measures to properly warn invitees, and in particular, Plaintiff of said dangerous conditions;

      D.      Comply with City, County, State, and Uniform Building Codes; and

      E.      Take other actions that are uncovered during discovery.

13.    Defendant, by and through its employees, agents, and/or servants, breached its duty to maintain the subject sidewalk in a safe and reasonable condition so that pedestrians could safely travel on it in the following ways:

      A.      Failing to correct a condition Defendant knew or should have known about;

      B.      Failing to maintain the subject sidewalk and parking lot;

      C.      Failure to properly inspect the subject sidewalk and parking lot;

      D.      Negligent design of the sidewalk and parking lot knowing pedestrians would travel on it;

      E.      Failure to warn of the conditions listed above;

      F.      Method of operation; and

G.      Other reasons to be determined through discovery.

14.      As a direct and proximate result of the negligence of Defendant, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and expense of hospitalization, medical care and treatment.

15.      Plaintiff's injuries are permanent and continuing in nature and she will suffer such injuries, losses, and impairments in the future.

WHEREFORE, Plaintiff ELEAZER H. FULLER sues Defendant SAUL CENTERS, INC. for harm, losses and damages from personal injuries and demands a trial by jury.

### COUNT II -VIOLATION OF BUILDING CODE FLA. STAT. § 553.84

Plaintiff reiterates, realleges, and adopts the foregoing paragraphs 1 through 10 and further alleges:

16.      The defects present in the sidewalk and parking lot at Hunt Club Corners are violations of the Florida Building Code, as well as the applicable county, city, or other municipal codes.

17.      Defendant knew or should have known about the requirements of the above-mentioned codes.

18.      Defendant knew or should have known that the sidewalk and parking lot at Hunt Club Corners violated the above-mentioned codes.

19.      The violation of the above-mentioned building codes by Defendant directly and proximately caused Plaintiff to suffer bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and expense of hospitalization and medical care and treatment.

20.     Plaintiff's injuries are permanent and continuing in nature and she will continue to suffer such injuries, losses, and impairments in the future.

WHEREFORE, Plaintiff ELEAZER H. FULLER sues Defendant SAUL CENTERS, INC. for harm, losses and damages from personal injuries and demands a trial by jury.

Dated this 1st day of September, 2020

WOOTEN, KIMBROUGH, DAMASO & DENNIS, P.A.
P.O. Box 568188
Orlando, FL 32856-8188
Ph: (407) 843-7060
Fax: (407) 843-5836
Attorneys for Plaintiff

By: /s/Jackson W. Adams
Jackson W. Adams
FBN: 47970
jadams@whkpa.com